### J. C. WILSON *v.* GEORGE CRIBBAGE.

**School Teacher—Employment and Discharge.**
> The commissioner may suspend or remove a teacher, but before he can do so some cause must exist and a charge be lodged against the teacher. He cannot remove a teacher at his mere will and pleasure.

**Judicial Opinion by Officer.**
> The rendition of a judicial opinion, where officer is not influenced by improper motives, will not subject the officer to an action, but he may be held liable where he acts corruptly and maliciously.

APPEAL FROM GRAYSON CIRCUIT COURT.

March 26, 1878.

OPINION BY JUDGE PRYOR:

The act authorizing the commissioner to suspend or remove a teacher prescribes the causes for which the teacher may be removed, and some cause must exist and a complaint be made before this power confided to the commissioner can be exercised. It matters not in what capacity the commissioner may be regarded as acting, whether as a judicial or ministerial officer, he is not vested with such arbitrary power as will enable him to remove a teacher at his mere will and pleasure. The amended petition alleges that the commissioner acted from corrupt and malicious motives, and removed appellant from his position without any notice and in the absence of any complaint made against him. If regarded in the light of a judicial inquiry, and the power is to some extent judicial, the appellant should have been given an opportunity to be heard, and certainly to know the nature of the charge against him. A judicial opinion, however erroneous, if not influenced by improper motives, will not subject the officer to an action, and where he acts corruptly and maliciously the action against him can be maintained. The amended petition presented a cause of action. *Gregory v. Brown,* 4 Bibb 28; *Morgan v. Dudley,* 18 B. Mon. 693.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*Conklin & McBeath, G. W. Stone, for appellant.*
*Ben S. Robbins, Jas. S. Wortham, for appellee.*